# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1153

_____

| | | |
|---|---|---|
| Rita Cavallaro, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | |
| v. | * | |
| | * | |
| City of Edmondson; David C. Turner, | * | |
| Edmondson Police Officer; Edgar Cox, | * | |
| Edmondson Police Chief; Patricia | * | |
| Henderson, Mayor of Edmondson, AR, | * | |
| | * | |
| Defendants, | * | Appeal from the United States |
| | * | District Court for the |
| Crittenden County, Arkansas; Richard | * | Eastern District of Arkansas. |
| Busby, Crittenden County Sheriff, | * | |
| | * | [UNPUBLISHED] |
| Defendants - Appellants, | * | |
| | * | |
| State of Arkansas, | * | |
| | * | |
| Defendant, | * | |
| | * | |
| Shelby County Health Care | * | |
| Corporation, doing business as | * | |
| Regional Medical Center, | * | |
| | * | |
| Claimant. | * | |

_____

Submitted: June 28, 2002

Filed: August 30, 2002
_____

Before BOWMAN, BEAM, and BYE, Circuit Judges.
_____

PER CURIAM.

The District Court denied Sheriff Richard Busby's motion for summary judgment based on qualified immunity. Busby appeals. We reverse.

The plaintiff in this case is Rita Cavallaro, the wife of the late Leo Cavallaro, who died after an altercation with a police officer employed by the city of Edmondson, Arkansas. The altercation occurred during a traffic stop made by the city police officer a short distance outside the city's territorial jurisdiction. Mrs. Cavallaro contends that Sheriff Busby, the sheriff of Crittenden County, who had no personal involvement in the incident, breached a duty, in violation of the Constitution of the United States, to protect Mr. Cavallaro from the exercise of authority by city police officers outside the city limits.

The city police officer in question was not an employee of Crittenden County. Sheriff Busby was not involved in the hiring, training, or supervision of city police officers, nor did he establish policies or procedures for the city police department. The most that can be said, giving the plaintiff the benefit of all reasonable inferences, is that Sheriff Busby was aware that city police officers sometimes followed traffic violators from the city into the county and made traffic stops outside the city limits. We have not been cited to any authority, and we have found none, for the proposition that a county sheriff has a duty to protect motorists from such a practice. Moreover,

even if we were somehow to find that such a duty existed and, further, that a sheriff's failure to fulfill that duty in circumstances such as those present in this case amounted to a violation of the Constitution, our decision would be a matter of first impression and thus it could not be said that the law was clearly established at the time of the events giving rise to the lawsuit.  See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) ("Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery.").

The order of the District Court is reversed and the case is remanded for the entry of an order granting Sheriff Busby's motion for summary judgment on the ground of qualified immunity.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.